**WILLKIE FARR & GALLAGHER LLP**
LAURA LEIGH GEIST (SBN 180826)
lgeist@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

SUSAN ROHOL (SBN 351888)
srohol@willkie.com
2029 Century Park East
Los Angeles, CA 90067-2905
Telephone: (310) 855-3172

DEBRA BOGO-ERNST *(Pro Hac Vice)*
dernst@willkie.com
AMY ORLOV *(Pro Hac Vice)*
aorlov@willkie.com
300 North LaSalle Drive
Chicago, IL 60654
Telephone: (312) 728-9000

Attorneys for Defendants
HIPPO HOLDINGS, INC.
and HIPPO ANALYTICS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

LAUREN MORGAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

HIPPO HOLDINGS, INC. and HIPPO ANALYTICS, INC.,

Defendants.

CASE NO.: 5:25-cv-06361-NW

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

In connection with their Motion to Dismiss Plaintiff's Class Action Complaint, Defendants Hippo Holdings, Inc. and Hippo Analytics, Inc. (together, "Hippo") hereby respectfully request that the Court take judicial notice of the following materials in support of its Rule 12(b)(6) motion to dismiss, filed concurrently herewith.

1. The home page of Hippo's Website (Ex. A to the Rohol Decl.)
2. Hippo's Cookie Banner (Ex. B to the Rohol Decl.)
3. Hippo's Privacy Policy (Ex. C to the Rohol Decl.)
4. Hippo's Cookies Preferences Pop-Up (Ex. D to the Rohol Decl.)
5. Hippo's Do Not Sell or Share My Personal Information Link (Ex. E to the Rohol Decl.)
6. Hippo's Terms and Conditions (Ex. F to the Rohol Decl.)

The documents listed above (the "Website Privacy Disclosures") are properly subject to judicial notice pursuant to Federal Rule of Evidence 201, and the Court should consider them when ruling on Hippo's Motion to Dismiss.

## <u>LEGAL STANDARD</u>

When ruling on a motion to dismiss, a court may consider material that is appropriate for judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are not subject to reasonable dispute that (1) are "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* Courts in this district recognize that "as a general matter, websites and their contents may be proper subjects for judicial notice provided that the party submits a copy of the relevant webpage to the court." *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1053 (N.D. Cal. 2025); *Kinderstart.com, LLC v. Google, Inc.*, No. 06-cv-2057 JF, 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007) (taking judicial notice of a web page printout).

Courts may also take judicial notice under the "incorporation by reference" doctrine in situations where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). When a document is incorporated by reference, "the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Martinez v. United States*, No. 22-CV-1803 JLS (BLM), 2022 WL 17407982, at *2 (S.D. Cal. Dec. 22, 2022).

**ARGUMENT**

Exhibits A through F of the Rohol Declaration are all publicly available pages from Hippo's Website that were operative at the time Plaintiff alleges that she applied for an insurance policy quote on Hippo's Website. The Court may take judicial notice of these documents because they are readily available and their accuracy cannot be reasonably disputed. Courts regularly find that terms of service, privacy policies, cookies notices, and other privacy disclosures are capable of accurate and ready determination because they are publicly available online and are thus properly subject to judicial notice. *E.g.*, *Coffee v. Google LLC*, No. 20-cv-03901-BLF, 2021 WL 493387, at *3–*4 (N.D. Cal. Feb. 10, 2021); *Lakes*, 777 F. Supp. 3d at 1054 (granting Defendant's request for judicial notice of its, privacy policy, cookies settings, website cookies banner, and related screens); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (holding that Google's Terms of Service and Privacy Policy were subject to judicial notice because they "appear on publicly accessible websites"); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068 n.3 (2016) ("tak[ing] judicial notice of the Yelp Privacy Policies during the relevant time periods because they were

publicly available on the Yelp website and their existence cannot reasonably be questioned"). Accordingly, it is appropriate for the Court to take judicial notice of the Website Privacy Disclosures.

The incorporation by reference doctrine also applies. While Plaintiff does not explicitly reference the Website Privacy Disclosures, her Complaint extensively references and discusses Hippo's Website and provides a walkthrough of the questionnaire that she allegedly completed on the Website. *See, e.g.*, Compl. ¶¶ 1, 2, 5, 6, 11, 35–39, 64, 66, 75–77, 81–82, 92–110. Furthermore, all of Plaintiff's claims derive from her interactions with the Website and the technology embedded within it. As the Rohol declaration explains, users necessarily are presented with the Website Privacy Disclosures when visiting each page of Hippo's Website. Rohol Decl. 3–8. "[T]he Court is permitted to consider '[d]ocuments specifically identified in the complaint whose authenticity is not questioned by the parties[,]' including a website's privacy policy when the website is referenced in the complaint." *A.S. v. SelectQuote Ins. Servs.*, No. 3:23-cv-02258-RBM-MSB, 2024 WL 3881850, at *4 (S.D. Cal. Aug. 19, 2024) (quoting *Copelan v. Techtronics Indus. Co.*, 95 F. Supp. 3d 1230, 1236–37 (S.D. Cal. 2015)).

The Website Privacy Disclosures are publicly accessible, capable of ready determination, and not subject to reasonable dispute. These documents are also properly considered under the incorporation by reference doctrine. Hippo therefore respectfully requests that the Court take notice of these documents when considering Hippo's motion to dismiss.

**CONCLUSION**

For the foregoing reasons, the Court should grant Hippo's request for judicial notice.

Respectfully submitted,

Dated: October 27, 2025

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Debra Bogo-Ernst*

Laura Leigh Geist (SBN 180826)
333 Bush Street, 34th Floor

San Francisco, CA 94104

Susan Rohol (SBN 351888)
2029 Century Park East
Los Angeles, CA 90067-2905

Debra Bogo-Ernst *(Pro Hac Vice)*
Amy Orlov *(Pro Hac Vice)*
300 North LaSalle Drive
Chicago, IL 60654

Attorneys for Defendants
HIPPO HOLDINGS, INC.
and HIPPO ANALYTICS, INC.